UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL RODRIGUEZ LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>Defendant. | No. 2:21-cv-2110 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion asserts that the Administrative Law Judge's treatment of plaintiff's subjective testimony and the medical opinion evidence was erroneous.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 8.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

## PROCEDURAL BACKGROUND

In October of 2019, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on January 1, 2019. (Transcript ("Tr.") at 13, 167-70.) Plaintiff's alleged impairments included bipolar disorder, anxiety, depression, back problems, shoulder problems, diabetes, and high blood pressure. (Id. at 193.) Plaintiff's application was denied initially, (id. at 89-93), and upon reconsideration. (Id. at 107-07.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on January 13, 2021. (Id. at 29-57.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 29-36.) In a decision issued on March 19, 2021, the ALJ found that plaintiff was not disabled. (Id. at 24.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: bipolar disorder; depression; generalized anxiety disorder with panic attacks; agoraphobia; and post-traumatic stress disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c). In addition, she is able to understand, remember and carry out simple, routine tasks. She would need to work in a stable, low stress work environment, meaning few changes, if any, in the day-to-day work setting, tools or

////

processes and no fast paced or high production quota work. She can tolerate occasional public contact. She can work in proximity to coworkers but not on joint or shared tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in] 1968 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 15-23.)

On September 23, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's March 19, 2012 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 15, 2021. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

3

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two claims: (1) the ALJ improperly rejected plaintiff's testimony concerning mental impairment; and (2) the ALJ failed to properly evaluate the medical opinion of psychiatrist Cynthia James. (Pl.'s MSJ (ECF No. 10) at 11-19.[3])

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

## I. Plaintiff's Testimony

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony as follows:

> The claimant testified she cannot work because she has suicidal thoughts and her medications make her dizzy. Sometime[s] she cannot get out of bed and she has anxiety when outside the house. Sometimes she cannot even go outside to the backyard. She gets panic attacks 1-2 times a week and cannot breathe. Her boyfriend helps with household chores and does the grocery shopping. When she gets a panic attack, it takes her a couple of minutes to all day to recover. She watches television during the day, and sometimes cannot understand what is going on. She sometimes sleeps 5 hours during the day.

(Tr. at 19.)

The ALJ then found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained in [the] decision."[5] (Id.) The ALJ attempted to support this determination by asserting that "with symptoms of waxing and waning," plaintiff experienced "generally good control once her psychotropic medications were adjusted." (Id.)

---

[5] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

1    However, the evidence of record established that plaintiff "was admitted on a 5150 hold
2    from March 27 through March 30, 2019, for depression and suicide attempt."[6] (Id.)  On
3    December 10, 2019, plaintiff was found to be "agitated," "depressed," and "tearful at times."  (Id.
4    at 353.)  Plaintiff later complained of being "more emotional recently."  (Id. at 400.)  On
5    November 25, 2020, plaintiff was "depressed and anxious."  (Id. at 458.)

    The Ninth Circuit has explained that:

> … it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.  Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014).

    Moreover, the ALJ's reliance on sporadic notations of improvement throughout the record is erroneous.  (Tr. at 19-21.)

> Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms.  They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace.

Garrison, 759 F.3d at 1017; see also Scott v. Astrue, 647 F.3d 734, 740 (7th Cir. 2011) ("although Scott had improved with treatment, she nevertheless continued to frequently experience bouts of crying and feelings of paranoia.  The ALJ was not permitted to 'cherry-pick' from those mixed results to support a denial of benefits").  That someone dealing with mental illness "makes some improvement does not mean that the person's impairment no longer seriously affects [her] ability to function in a workplace."  Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014).

    Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ erroneously rejected plaintiff's testimony.

---

[6] California Welfare and Institutions Code § 5150(a) allows for a person to be held in custody for up to 72 hours when they are a danger to themselves or others as a result of a mental health disorder.

7

## II. Medical Opinion

For claims filed prior to March of 2017, Ninth Circuit's precedent established a hierarchy for medical opinions based on the physician's relationship to the plaintiff. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)."). In 1991, the Commissioner promulgated regulations consistent with the Ninth Circuit's hierarchy. See 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).

On March 27, 2017, however, revised Social Security Administration regulations went into effect regarding the evaluation of medical opinions. Pursuant to those regulations, "the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'" V.W. v. Comm'r of Soc. Sec., No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (quoting 20 C.F.R. § 416.920c(a)); see also 20 C.F.R. § 404.1520c(a). In place of specific evidentiary weight, the Commissioner will "evaluate the persuasiveness of medical opinions" based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c)(1)-(5), § 416.920c(a), (c)(1)-(5).

While the ALJ will consider all of the above factors, "the ALJ must explain how he considered the two 'most important factors'—supportability and consistency." Crystal R. E. v. Kijakazi, Case No. 20-cv-0319 SH, 2022 WL 446023, at *6 (N.D. Okla. Feb. 14, 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). Supportability concerns how "relevant the objective medical evidence and supporting explanations presented by a medical source are[.]" 20 C.F.R. § 404.1520c(c)(1). The more relevant evidence and support presented "the more persuasive the medical opinion[] . . . will be." (Id.) With respect to consistency, "[t]he more consistent a

////

medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources . . . the more persuasive the medical opinion . . . will be." (Id.)

In this regard, the new regulations "still require that the ALJ provide a coherent explanation of [her] reasoning," and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Hardy v. Commissioner of Social Security, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021). Thus,

> [e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id § 404.1520c(b)(2).

Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022).

Here, on November 24, 2020, psychiatrist Cynthia James completed a Mental Impairment Questionnaire. (Tr. at 476-80.) Dr. James opined that plaintiff had moderate difficulties in the ability to understand, remember, or apply information, and in concentrating and maintaining pace. (Id. at 21.) Dr. James also found that plaintiff had marked limitations in the ability to interact with others and to adapt and manage oneself. (Id.) Dr. James estimated that plaintiff would be absent from work or unable to complete a workday more than four days per month. (Id.)

The ALJ found Dr. James' opinion "not persuasive." (Id.) In support of this conclusion the ALJ offered only the vague and conclusory assertion that the opinion was "overly restrictive and not supported by the overwhelming mental evidence of record[.]" (Id.) The ALJ went on to assert that there was "no evidence of medication sedation," that plaintiff's "mental limitations appear to be intermittent at best," and that plaintiff's "condition greatly improved once her medications were adjusted." (Id.)

Lacking from the ALJ's analysis is a citation to any evidence in support. More troubling, the ALJ fails to mention, let alone discuss, the factors of supportability and consistency.

////

9

> The regulations are clear and imperative in defining the mode of analysis. All medical sources are to be considered, and a rationale articulating how the ALJ applied the factors specified in the regulations must be stated for each source. . . . The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail how the factors actually were applied in each case, to each medical source.

Hardy, 554 F.Supp.3d at 909; see also Loucks v. Kijakazi, 21-1749, 2022 WL 2189293, at *2 (2nd Cir. 2022) ("the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"); Dogan v. Kijakazi, Civil Action No. 6:21-3291 RMG, 2022 WL 4092461, at *4 (D. S.C. Sept. 7, 2022) ("where . . . there is significant record evidence supporting Plaintiff's claim of disability and the regulation requires the ALJ to consider all of the factors under 404.1520c(c), the Court cannot confirm that this was actually done without the ALJ confirming he considered all five factors set forth in § 404.1520c and explaining how he weighed those factors"); Cooley v. Commissioner of Social Security, 587 F.Supp.3d 489, 500 (S.D. Miss. 2021) ("significant gaps exist in the ALJ's discussion of Dr. Tanious' medical opinion that leave this Court unable to build a 'logic bridge' between the evidence and his finding").

Accordingly, plaintiff is also entitled to summary judgment on this claim.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

////

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff requests that this matter be remanded for further administrative proceedings. (Pl.'s Reply (ECF No. 15) at 5.) The court agrees that is the appropriate resolution.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 10) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 14) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: September 12, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\lopez2110.ord

11